UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HATH HATHAWAY, § | | |
| Plaintiff, § | Case: | 4:16-cv-00251 |
| § | | |
| v. § | JURY DEMANDED | |
| § | | |
| CITY OF NORTHLAKE, TEXAS § | | |

### ORIGINAL VERIFIED COMPLAINT

Comes now, Plaintiff Hath Hathaway, by and through counsel, and for his cause of action against Defendant City of Northlake, and files this complaint, and avers the following facts in support of this civil action pursuant to 42 U.S.C. §1983.

### I. INTRODUCTION

1. Peace officers working for the City of Northlake stopped plaintiff as he traveled in his vehicle on Interstate 35, searched him and his vehicle without probable cause, and illegally deprived him of his firearm.

2. Pursuant to 42 U.S.C. §§ 1983 and 1988, plaintiff brings this civil rights action, which is premised on the United States Constitution, and concerns the deprivation of plaintiff's fundamental right to bear arms and be secure against unwarranted search and seizure, which are protected by the Second and Fourth Amendments to the United States Constitution.

3. Plaintiff seeks damages against the City of Northlake, Texas, and injunctive relief to prevent the City of Northlake from continuing its unconstitutional

actions against both plaintiff and any others traveling through the City, as each act of defendant was committed under the color of state and municipal authority.

## II. JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. § 1331 (federal question) and § 1343 (civil rights), this Court has jurisdiction over plaintiff's claims. Pursuant to 42 U.S.C. §§ 1983-1988 (suit on deprivation of rights), this Court has jurisdiction over plaintiff's request for injunctive relief and other claims.

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Northern District of Texas because all claims arise out of this district and defendant is located in this district.

## III. PARTIES

6. Plaintiff Hath Hathaway resides in Hurst, Texas.

7. Defendant City of Northlake is an incorporated political subdivision of the State of Texas and can be served with summons upon City of Northlake, Texas, Mayor Peter Dewing, wherever he may be found, including his workplace, 1400 FM 407, Northlake, Texas 76247.

## IV. FACTS

### A. *Background*

8. Plaintiff Hath Hathaway was traveling north on Interstate 35W on Friday, January 8, 2016 when he was pulled over by Northlake Police Officer K. Ertle.

9. Officer Ertle told Hathaway that he stopped Hathaway for "speeding, failure to signal a lane change, and tinted tail lights."

10. Hathaway provided his driver's license, notified the officer of the firearm he kept in the glove compartment before reaching for registration, and after receiving assurance that Ertle was not concerned, Hathaway removed his insurance from his glove compartment and provided it to Ertle.

11. The video record of this incident recorded by the City shows that Ertle retreated to his patrol vehicle and conducted a background check on Hathaway, found a 2004 charge that resulted in a period of probation and associated deferred adjudication which ended successfully in 2010 with dismissal of the charge and no conviction.

12. While Ertle and Hathaway discussed Hathaway's record, Hathaway used his cell phone to show Ertle that the probationary period had been completed successfully and the charge dismissed in 2010.

13. During the stop, Ertle's supervisor, Sergeant Dwight Thornton, arrived. During their discussion, Ertle and Thornton recognized that the charge against him had been dismissed (16:35 minutes into Ertle's video record). The two discussed the decision to keep Hathaway's firearm, though they provided no legal justification for disarming Hathaway.

14. The video of the discussion between Ertle and Thornton shows that they knew that the charge against Hathaway had been dismissed as part of his

adjudication after the successful community supervision, but neither of the two officers understood whether Hathaway was allowed to carry a firearm.

15. Neither Ertle, nor Thornton, called any other City agent to determine what their duty was under the circumstances.

16. The discussion between Ertle and Thornton centered on Texas Penal Code § 46.04, which prohibits a felon from possessing a firearm within five years of his release from community supervision; there is no prohibition for individuals never convicted. The entire discussion surrounding the five-year period was irrelevant to Hathaway.

17. According to Texas Penal Code § 46.04, a felon cannot carry a firearm in his vehicle even after five years have passed.

18. If Ertle believed that Hathaway was a felon breaking § 46.04, Ertle could have arrested Hathaway. After seeing Hathaway's record, neither Ertle nor Thornton suggested arrest, except one threat by Ertle to arrest Hathaway for alleged speeding and tinted tail lights.

19. Ertle demanded that Hathaway allow a search of Hathaway's vehicle. When Hathaway asked to see Ertle's search warrant, Sergeant Thornton asserted, "I don't need one" and told Hathaway to get out of the car. After Hathaway complied, Ertle proceeded to search Hathaway, place handcuffs on him, and moved him to the back seat of Ertle's patrol car, and then searched Hathaway's vehicle in spite of the clear objection and lack of consent or probable cause.

20. During this time, Hathaway informed Ertle and Thornton that they had no right to take his firearm, and protested their treatment of him, but followed their instructions.

21. Ertle informed Hathaway that Ertle was seizing Hathaway's firearm, and requested that Hathaway sign a Schedule of Seized Property form for his firearm; Hathaway complied while objecting to the seizure.

22. Ertle provided Hathaway a copy of the Schedule of Seized Property that included his firearm, ammunition, and one magazine on the inventory of items taken from Hathaway by Ertle.

23. Ertle and Thornton allowed Hathaway to leave without arrest or citation.

24. After Hathaway's legal representative contacted authorities at the City of Northlake, the City informed Hathaway that he could retrieve his firearm.

25. When Hathaway arrived at the City's offices, he made known his presence to an administrator, who was about to call for Ertle, when he came out with a release form, and gave plaintiff's property back to him.

26. Ertle indicated to plaintiff that plaintiff's court records were incorrect, and refused to admit that he did anything wrong.

27. At no point did any agent of the City indicate that this series of events was unusual, or apologize for any error. Hathaway observed that this process was common and the City's normal practice.

## V. CAUSE OF ACTION – 42 U.S.C. § 1983

28. 42 U.S.C. §1983 prohibits state officials from depriving citizens of enumerated rights which are constitutionally protected, and further provides a private right of action for citizens to sue for violations of those rights in federal courts.[1]

29. Municipalities are liable for damages under § 1983 when they have a policy or established custom which caused the constitutional deprivation.[2]

30. To support a claim based upon the existence of an official custom or policy, a plaintiff must plead facts which show that: 1) a policy or custom existed; 2) the governmental policy makers actually or constructively knew of its existence; 3) a constitutional violation occurred; and 4) the custom or policy served as the moving force behind the violation.[3]

31. Plaintiff Hathaway herein alleges that its 'disarm and search' policy serves the City by supporting an abusive forfeiture program, as many who are disarmed are unlikely to come back to the City to retrieve their firearms, leaving the City to benefit.

32. Hathaway alleges that the City is liable to him for its deliberate constitutional deprivations pursuant to the Second and Fourth Amendments, as detailed below.

---

[1] See, generally, *Colle v. Brazos County*, 981 F.2d 237 (5th Cir. Tex. 1993).
[2] *Id.* at 244.
[3] *Palmer v. City of San Antonio*, 810 F.2d 514, 516 (5th Cir. 1987).

### A. The City violated Hathaway's Second Amendment right to bear arms.

33. Ertle violated Hathaway's constitutionally enumerated and fundamental right to keep and bear arms by disarming him without cause.[4]

34. The City clearly condoned Ertle's 'disarm and search' behavior as accepted custom, in that Ertle's supervisor arrived and approved of the decision to disarm plaintiff and keep the firearm in City facilities until plaintiff's legal representation threatened the City with immediate suit.

35. Other agents of the City which whom Hathaway interacted while retrieving his firearm acted as though it is an everyday normal occurrence that individuals are disarmed, and the City's agents were unapologetic with respect to their error - in the City of Northlake, officers do not feel the need to have probable cause or consent to search, seize, or disarm.

36. Because plaintiff Hathaway was damaged by the City's custom to violate the Second Amendment, Hathaway brings this suit under 42 U.S.C. § 1983.

---

[4] *McDonald v. City of Chicago*, 561 U.S. 742, 791 (U.S. 2010).

## B. The City violated Hathaway's Fourth Amendment right to be secure against unreasonable searches and seizures.

37. Ertle violated the fundamental rights of Hathaway to be secure in effects against unreasonable seizures by searching and seizing him and his effects without probable cause.[5]

38. The City clearly condoned Ertle's behavior as an accepted custom, in that Ertle's supervisor arrived and approved of the decision to search Hathaway's car and keep Hathaway in the back of Ertle's patrol vehicle. Hathaway asserts that Ertle had no probable cause to seize him, search him, search his car, take his firearm, or force him to stay in the patrol car. Nor did any other City agent act like this case was somehow exceptional.

39. Because plaintiff Hathaway was damaged by the City's customary violation of the Fourth Amendment, he brings this suit for damages under 42 U.S.C. § 1983.

## C. Other supporting analysis and policy supports Hathaway's claims.

40. Plaintiff contends that his past probation period was used as pretext for Ertle, a person acting under color of state law, to deprive plaintiff of clearly established Second and Fourth Amendment rights, without probable cause or consent.

41. The City ratified Ertle's behavior, showing an official custom or policy to:

   a. deliberately and consciously choose to use whatever flimsy excuse it can concoct to deprive personal effects from those traveling through the City;

---

[5] *U.S. v. Brignoni-Ponce*, 422 U.S. 873, 878, 95 S. Ct. 2574, 45 L. Ed. 2d 607 (1975) (quoting *Terry v. Ohio*, 392 U.S. 1, 16, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968)).

    b. the City promulgates forms to support these procedures which were employed during the events of this dispute, and which clearly have official sanction by decision-makers within the City;

    c. the City violated plaintiff's constitutional rights; and

    d. the City's "disarm and search" policy serves as a moving force to support abusive civil forfeiture processes which are rarely challenged.

42. The City's actions here constitute an official policy[6] making it liable to plaintiff for Ertle's unconstitutional behavior of the Second and Fourth Amendments.

43. Even if the City did not issue a policy to "disarm and search" or "take everything you can from those traveling through our city, using whatever excuse you can find," the behavior of the City's agents indicate that the City's actions were all everyday normal procedure, including the patrol officer, his supervisor, and the individual with whom plaintiff interacted as he retrieved his firearm, constituting a custom that fairly represents municipal policy.[7]

44. The unconstitutional practices of a municipality do not have immunity from suit.[8]

45. Plaintiff is confident that the events described herein are the rule, and not the exception.

46. Though Plaintiff asserts that the behavior supported by the City in this occasion is clearly a sanctioned policy, he understands that the City may argue that it

---

[6] See *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 532-33 (5th Cir. 1996) (citing *Palmer v. City of San Antonio*, 810 F.2d 514, 516 (5th Cir. 1987)).
[7] See *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992).
[8] See *Barnes v. Barnes*, 2004 U.S. Dist. LEXIS 23180, *25-29 (N.D. Tex. Mar. 30, 2004).

does not have a "take all you can excuse" policy, and therefore offers the alternative argument that the City is liable under § 1983 based on a failure to adopt a policy concerning the deprivation of rights, and the failure to ensure that rights are not violated during traffic stops of this nature goes beyond mere negligence, making the City liable for that failure.[9]

47. An injunction is necessary because the City's practice seeks to benefit from its violations by abusive civil forfeiture techniques that are capable and likely to be repeated, and even if the City does not gain from its deprivation of rights, such violations should not be allowed to continue.

48. In addition to this verified complaint, plaintiff has concurrently filed the supporting Affidavit of Hath Hathaway, incorporated herein by reference.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays for relief in that this Court:

A. Assume jurisdiction over this action;

B. Enter a temporary and permanent injunction enjoining defendant and its agents from detaining and disarming citizens merely on the basis that they were once on probation and stopped for a mundane traffic violation, as such action is a violation of the Second and Fourth Amendments to the Constitution;

---

[9] See *James v. Nocona Gen. Hosp.*, 2004 U.S. Dist. LEXIS 18662, *31-32 (N.D. Tex. Sept. 8, 2004)(quoting *Colle v. Brazos County*, 981 F.2d 237, 246 (5th Cir. 1993)).

C. Award economic damages to plaintiff against the City of Northlake for its violations against the United States Constitution pursuant to 42 U.S.C. § 1983.

D. Grant to plaintiff an award for his costs for litigation, including reasonable attorney's fees and expenses, pursuant to 42 U.S.C. § 1988(b); and,

E. Grant such other and further relief as appears to this Court to be equitable and just.

Respectfully submitted this April 5, 2016

Norred Law, PLLC

By: /s/ Warren V. Norred

Warren Norred, Texas Bar 24045094
wnorred@norredlaw.com
C. Chad Lampe, Texas Bar 24045042
chad@norredlaw.com
200 E. Abram St., Ste. 300; Northlake, TX 76010  [handwritten: Arlington www]
O 817-704-3984; F 817-524-6686
Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT

I, Hath Hathaway, a citizen of the United States and a resident of Hurst, Texas, hereby declare that I have read the foregoing complaint and the factual allegations therein, and the facts as alleged are true and correct.

Signed April 4, 2016

Hath Hathaway