IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN - 3 2016
CLERK, U.S. DISTRICT COURT
By _____
    Deputy

| | | |
|---|---|---|
| HATH HATHAWAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-251-A |
| | § | |
| CITY OF NORTHLAKE, TEXAS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Town of Northlake, Texas[1], ("Town"), to dismiss. The court, having considered the motion, the response, the record, and applicable authorities, finds that the motion should be granted.

I.

Plaintiff's Claims

On April 6, 2016, plaintiff filed his original verified complaint purporting to allege claims under 42 U.S.C. § 1983 against defendant arising out of a traffic stop of plaintiff that occurred on January 8, 2016. Doc.[2] 1.

Plaintiff alleges: He was driving north on Interstate 35W when he was pulled over by Northlake Police Officer K. Ertle ("Ertle") for speeding, failure to signal a lane change, and

---

[1] Town of Northlake says that it was mistakenly named "City of Northlake" in the original complaint.

[2] The "Doc." reference is to the number of the item on the court's docket in this action.

tinted tail lights. Plaintiff volunteered that he had a gun in his glove box. Ertle conducted a background check and determined that plaintiff had a 2004 charge that resulted in a period of probation and associated deferred adjudication, which had ended successfully in 2010 with the dismissal of the charge and no conviction. Ertle's supervisor appeared on the scene and he and Ertle discussed whether they could or should keep plaintiff's gun. Neither understood whether plaintiff was allowed to carry a firearm. Ertle demanded to search plaintiff's car. He handcuffed plaintiff and placed him in Ertle's patrol car while he conducted the search. Ertle seized the gun and had plaintiff sign a receipt for it. Plaintiff was allowed to leave without arrest or citation. After plaintiff's "legal representative" contacted Town, plaintiff was informed that he could retrieve his gun. Ertle returned the gun to plaintiff, but indicated that plaintiff's court records were incorrect, and refused to admit that he did anything wrong. No agent of Town indicated that what happened was unusual or apologized.

On June 3, 2016, following the filing of Town's motion to dismiss and at the same time he filed his response[3] thereto, plaintiff filed his first amended complaint, this time identifying defendant as "Town" rather than "City." The "facts"

---

[3] For some unknown reason, the response is titled "objection" to the motion to dismiss. Doc. 14.

2

section of the amended complaint is virtually identical to the original, except for the use of the word "Town" in place of "City."[4] Doc. 13.

## II.

### Ground of the Motion

Town urges that plaintiff has failed to plead sufficient facts to state a claim for which relief can be granted.[5]

## III.

### Applicable Legal Principles

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than

---

[4] Other changes appear to be the addition of the words "reasonable suspicion" in paragraph 19 and "or cause" in paragraph 20.

[5] Ordinarily, one would expect the filing of an amended complaint to cause a motion to dismiss to become moot. In this case, because the amended complaint does not contain any additional factual allegations, the court is analyzing the motion to dismiss as though it had been filed in response to the amended complaint.

Case 4:16-cv-00251-A   Document 15   Filed 06/03/16   Page 4 of 7   PageID 92

simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

IV.

## Analysis

A governmental entity, such as Town, can be subjected to monetary damages or injunctive relief only if one of its official policies caused a person to be deprived of a federally protected right. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Town cannot be held liable under a theory of respondeat superior or vicarious liability. Id. Instead, liability may be imposed against a local government entity under § 1983 only "if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation." Connick v. Thompson, 563 U.S. 51, 131 S. Ct. 1350, 1359 (2011) (quoting Monell, 436 U.S. at 692) (internal quotation marks omitted). To hold Town liable under § 1983 thus requires plaintiff to "initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted." Spiller v. City of Texas City, Police Dept., 130 F.3d 162, 167 (5th Cir. 1997) (internal quotation marks and citation omitted). Therefore, liability against local government defendants pursuant to § 1983 requires proof of a policymaker, an official policy, and a violation of constitutional rights whose "moving force" is the policy or custom. Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001).

The Fifth Circuit has been explicit in its definition of an "official policy" that can lead to liability on the part of a governmental entity, giving the following explanation in an opinion issued <u>en banc</u> in response to a motion for rehearing in <u>Bennett v. City of Slidell</u>:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.
>
> Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

735 F.2d 861, 862 (5th Cir. 1984) (per curiam).

"The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts." <u>Spiller</u>, 130 F.3d at 167. Absent from the complaint, however, are any specific facts pertaining to Town's policies or how the policies were the "moving force" behind the policies' relationship to anything that

6

is alleged in the complaint. In fact, plaintiff has not identified any policy-maker.

The court further notes the general rule that allegations of isolated incidents are insufficient to establish a custom or policy. Fraire v. City of Arlington, 957 F.2d 1268, 1278 (5th Cir. 1992). A plaintiff typically must at least allege a pattern of similar violations. Yet the complaint offers no allegations or examples of similar violations that could support a claim of municipal liability. Town's failure to acknowledge error or to apologize to plaintiff does not provide support for plaintiff's claims.

V.

Order

The court ORDERS that Town's motion to dismiss be, and is hereby, granted, and that plaintiff's claims against Town be, and are hereby, dismissed.

SIGNED June 3, 2016.

_____
JOHN McBRYDE
United States District Judge

7